IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BETTY WATSON                                                                                         PLAINTIFF

v.                                    CIVIL NO. 08-5164

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Betty Watson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on April 1, 2005, alleging an inability to work since April 1, 2000, due to an injured right hand and arm pain, chest pain and high blood pressure. (Tr. 57, 72-75, 92). For DIB purposes plaintiff's date last insured is December 31, 2005. (Tr. 11, 72). Plaintiff's applications were denied originally but approved upon reconsideration on February 17, 2006, however the onset date was determined to be

January 28, 2003.[1] (Tr. 11, 369). This February 17, 2006, decision was reviewed by the Disability Quality Branch and it was determined plaintiff's claims should be denied. Plaintiff filed a timely request for an administrative hearing on June 9, 2006. An administrative hearing was held on July 11, 2007, at which plaintiff appeared with counsel and testified. (Tr. 378-401).

By written decision dated December 12, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). The ALJ determined plaintiff's severe impairments were as follows: essential hypertension, hypertensive heart disease, chronic bilateral lower extremity pain and possible left carpal tunnel syndrome. However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift/carry twenty pounds occasionally, ten pounds frequently; to sit for six hours; and to stand/walk for six hours. (Doc. 15). The ALJ found plaintiff is unable to climb ladders, ropes or scaffolds and that she must avoid hazards such as heights and moving machinery. The ALJ found plaintiff could frequently climb stairs and ramps, balance, kneel, crouch and stoop and occasionally crawl. The ALJ found there are no limitations with regard to plaintiff's dominant hand/arm (right) but that with her nondominant hand/arm plaintiff could frequently but not continuously grasp and finger. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a retail sales worker, a hotel/motel maid and a counter attendant. (Tr. 20, 188-196).

---

[1] Plaintiff acknowledges the amended onset date in her appeal brief and does not argue that it is incorrect. (Doc. 7, p. 3).

AO72A
(Rev. 8/82)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on June 23, 2008. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7,8).

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

### A. The Sequential Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press her case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

The ALJ is also required to re-contact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b). The ALJ's duty to develop the record extends even to cases like plaintiff's, where an attorney represented the claimant at the administrative hearing. *Id*. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of light work with limitations as stated above, relied on RFC assessments completed by non-examining medical consultants dated June 30, 2005, and April 18, 2006, indicating plaintiff's ability to perform within the light, unskilled work category. (Tr. 203-205, 266-273, 328-335). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

The ALJ also explicitly found plaintiff has no limitations regarding her right dominant hand. (Tr. 15 ). The medical evidence reveals plaintiff has reported chronic hand pain to various treating physicians and while they could not find an objective reason for the cause of her pain they continued to diagnose her with right hand pain and paresthesia of the right hand. (Tr. 206-212, 234, 238, 240, 243, 247, 250, 262). Plaintiff also reported losing control of her right hand to her treating physicians and to the ALJ at the administrative hearing. (Tr. 261, 387). There is also evidence to support plaintiff's statements that she was instructed to use a wrist splint. (Tr. 116, 250, 262). The medical evidence further reveals plaintiff's complaints of left hand pain and the diagnosis of carpal tunnel syndrome of the left hand in June of 2006. (Tr. 340). It was

recommended plaintiff undergo further testing to assess this impairment. Plaintiff was found to have a weaker left hand with a positive Tinels sign. (Tr. 341). Plaintiff has also consistently complained of lower extremity pain. (Tr. 215-219, 222, 224, 232, 238, 340, 343-345, 347).

As the record does not include a RFC assessment from an examining or treating physician and it appears plaintiff had a worsening of her lower extremity and left hand pain after the non-examining medical consultants completed their RFC assessments, we believe remand is necessary so that the ALJ can fully and fairly develop the record regarding plaintiff's alleged impairments.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). We also encourage the ALJ to order a consultative physical exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed, to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

After obtaining the RFC assessments from plaintiff's treating and/or examining physicians, the ALJ is directed to specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**IV.** **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE